IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Case No. 2:23-cv-05736-RMG |
| Plaintiff, | |
| v. | |
| Nurse Johnson, et. al., | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending Defendant Thompson's[1] motion to dismiss (Dkt. No. 54) be granted in part and denied in part. (Dkt. No. 67). Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a response to the motion to dismiss (Dkt. No. 170), but no party objected to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants in part and denies in part Defendant's motion to dismiss. (Dkt. No. 54).

**I.      Background**

This action arises from the allegedly unconstitutional treatment Plaintiff experienced at Lee Correctional Institution ("Lee") in October of 2023. (Dkt. No. 10). Plaintiff alleges that he had suffered a sever asthma attack on October 13, 2023, for which he was given two breathing treatments. (Dkt. No. 10 at 1). Later that evening, Plaintiff experienced excruciating body pains, shortness of breath, loss of smell, and chest pains. (*Id*.). Plaintiff filled out a sick-call request and gave it to Nurse William, as per her instructions. (*Id*.). The next day, Plaintiff complained again of chest pains and other COVID symptoms, and Nurse Avila told him to fill out a sick call request. (*Id*.). When he told her he had given one to Nurse William, Nurse Avila told him there was nothing

---

[1] Incorrectly identified in the Complaint as "Nurse Thomas" (Dkt. No. 54).

more she could do. (*Id*.). Later, Plaintiff allegedly requested Tylenol and to be tested for COVID. (*Id*.). Nurse Davis allegedly told Plaintiff she would take his temperature and bring him back Tylenol, but she never returned. (*Id*.).

Next, Plaintiff complained to Nurse Johnson about his extreme body aches and other painful symptoms that were persisting, but Nurse Johnson told him there was nothing she could do. (*Id*.). Plaintiff alleges that he asked Nurse Johnson for Tylenol and that she agreed but never brought him anything. (*Id*.). Later that night, Plaintiff alleges that Nurse William checked on Plaintiff and told him she gave his sick call request to Nurse Thompson, the head nurse, who should have seen him. (*Id*. at 3). Plaintiff alleges nobody came to help. (*Id*.).

On October 20, 2023, Plaintiff wrote to the Office of General Counsel complaining about being denied medical attention for his pain. (*Id*.). On October 26, 2023, Plaintiff received a response informing him that his letter "has been forwarded to medical at your institution for handling." (Dkt. No. 1-1 at 7). Plaintiff alleges he also "wrote a[n] Emergency Grievance and [he] never received any help and was left to suffer in pain for two weeks." (*Id*.) Plaintiff alleges that he is being denied medical treatment as retaliation for "his numerous lawsuits against prison staff." (*Id*.)

Plaintiff brings this 42 U.S.C. § 1983 action alleging inadequate medical care in violation of the Eighth Amendment and retaliation in violation of the First Amendment against Defendants Johnson, Avila, Davis, and Thompson. (*See* Dkt. No. 10). Defendant Thompson filed an answer (Dkt. No. 55) and a motion to dismiss (Dkt. No. 54). Plaintiff has responded to the motion to dismiss. (Dkt. No. 61). The motion to dismiss is ready for the Court's review.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.     Discussion

The Court has reviewed the R & R, applicable caselaw, and the record evidence in this matter. The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Defendant Thompson's motion to dismiss should be granted in part and denied in part.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff has properly alleged a deliberate indifference claim against Defendant Thompson, but that it is based on her alleged personal wrongdoing rather than any supervisory conduct. Plaintiff alleges that Defendant Thompson refused to provide medical treatment despite knowing he was in poor health; she allegedly received his sick-call request, was allegedly informed by Nurse William, and she allegedly received Plaintiff's letter from the Office of General Counsel. (Dkt. No. 10).

However, the Court also agrees with the Magistrate Judge's conclusion that Plaintiff has failed to establish a § 1983 claim against Defendant Thompson under a theory of supervisory liability. Because Plaintiff did not show facts sufficient to allege Defendant Thompson knew a subordinate was "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury," Plaintiff cannot establish supervisory liability. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)

Lastly, the Court agrees with the Magistrate Judge's conclusion that Defendant Thompson did not move to dismiss Plaintiff's § 1983 retaliation claim, and therefore the claim remains.

### IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 67) as the Order of the Court and **GRANTS** Defendant Thompson's motion to dismiss as to Plaintiff's supervisory liability claim and **DENIES** Defendant Thompson's motion to dismiss as to Plaintiff's § 1983 deliberate indifference claim and § 1983 retaliation claim. (Dkt. No. 54).

**AND IT IS SO ORDERED.**

       _s/ Richard M. Gergel_
       Richard Mark Gergel
       United States District Judge

June 26, 2025
Charleston, South Carolina