**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

Robbie Collins,

                Plaintiff,

       v.

Nurse Johnson, *et. al.*,

              Defendants.

Case No. 2:23-cv-05736-RMG


**ORDER & OPINION**

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending that Defendants' Motions for Summary Judgment (Dkt. Nos. 79, 82, 85) be granted. (Dkt. No. 103). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' motions.

## I.   Background

This action arises from the allegedly unconstitutional treatment Plaintiff experienced at Lee Correctional Institution ("Lee") in October of 2023. (Dkt. No. 10). Plaintiff alleges that he had suffered a severe asthma attack on October 13, 2023, for which he was given two breathing treatments. (Dkt. No. 10 at 1). Later that evening, Plaintiff experienced excruciating body pains, shortness of breath, loss of smell, and chest pains. (*Id.*). Plaintiff filled out a sick-call request and gave it to Nurse William, as per her instructions. (*Id.*). The next day, Plaintiff complained again of chest pains and other COVID symptoms, and Nurse Avila told him to fill out a sick call request. (*Id.*). When he told her he had given one to Nurse William, Nurse Avila told him there was nothing more she could do. (*Id.*). Later, Plaintiff allegedly requested Tylenol and to be tested for COVID. (*Id.*). Nurse Davis allegedly told Plaintiff she would take his temperature and bring him back Tylenol, but she never returned. (*Id.*). Next, Plaintiff complained to Nurse Johnson about his

1

extreme body aches and other painful symptoms that were persisting, but Nurse Johnson told him there was nothing she could do. (*Id*.). Plaintiff alleges that he asked Nurse Johnson for Tylenol and that she agreed but never brought him anything. (*Id*.). Later that night, Plaintiff alleges that Nurse William checked on Plaintiff and told him she gave his sick call request to Nurse Thompson, the head nurse, who should have seen him. (*Id*. at 3). Plaintiff alleges nobody came to help. (*Id*.). On October 20, 2023, Plaintiff wrote to the Office of General Counsel complaining about being denied medical attention for his pain. (*Id*.). On October 26, 2023, Plaintiff received a response informing him that his letter "has been forwarded to medical at your institution for handling." (Dkt. No. 1-1 at 7). Plaintiff alleges he also "wrote a[n] Emergency Grievance and [he] never received any help and was left to suffer in pain for two weeks." (*Id*.). Plaintiff alleges that he is being denied medical treatment as retaliation for "his numerous lawsuits against prison staff." (*Id*.).

Plaintiff brings this 42 U.S.C. § 1983 action alleging inadequate medical care in violation of the Eighth Amendment and retaliation in violation of the First Amendment against Defendants Johnson, Avila, Davis, and Thompson. (Dkt. No. 10).

On February 4, 2025, Defendant Thompson filed a motion to dismiss. (Dkt. No. 67). The Court issued an Order on June 26, 2025, granting in part and denying in part the motion. (Dkt. No. 92). Specifically, the Court granted Thompson's motion to dismiss as to Plaintiff's supervisory liability claim and denied her motion to dismiss as to Plaintiff's § 1983 claims for deliberate indifference and retaliation. (*Id*.).

On April 29, 2025, Defendant Thompson filed a Motion for Summary Judgment. (Dkt. No. 79). On May 9, 2025, Defendants Avila and Davis filed a Motion for Summary Judgment. (Dkt. No. 82). On May 12, 2025, Defendant Johnson filed a Motion for Summary Judgment. (Dkt. No.

85). The Magistrate Judge issued an R & R recommending Defendants' Motions for Summary Judgment be granted. (Dkt. No. 103). Plaintiff did not file any objection the R & R.

## II.    Legal Standard

### A.  Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008

3

(4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

Plaintiff does not object to the R & R's finding that his 42 U.S.C. § 1983 claims fail as a matter of law. (Dkt. No. 103 at 9-24). Plaintiff failed to establish a genuine issue of material fact that Defendants acted with deliberate indifference to a serious medical need and did not address Defendants arguments on his retaliation claim, thereby appearing to abandon it. Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to dismiss Plaintiff's claims as a matter of law.

## IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 103) as the Order of the Court, **GRANTS** Defendants' Motions for Summary Judgment (Dkt. Nos. 79, 82, 85), and **DISMISSES** the action in its entirety.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 9, 2025
Charleston, South Carolina